UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60084-CR-BLOOM/Valle

**UNITED STATES OF AMERICA,**

vs

**ARIEL SILVERIO**

_____/

**MEMORANDUM IN AID OF SENTENCING**

Comes now the defendant, ARIEL SILVERIO, by and through undersigned counsel and pursuant to Rule 32 of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3553 and files his Memorandum in Aid of Sentencing.

**Background and Offense Conduct**

**The Offense Conduct**

Mr. Silverio entered a guilty plea to count one of the Indictment. This count charged him with conspiracy to import heroin into the United States, in violation of Title 21, United States Code, Section 963. Mr. Silverio, his co-defendant Caonabo Lopez and others both known and unknown to the grand jury were part of the conspiracy to import heroin into the United States.

Mr. Silverio traveled down to the Southern District of Florida the day before he was arrested for his conduct in the instant case.

**Minor Role**

Paragraphs 12 and 20 of the PSIR recommend that no adjustment be given to Mr. Silverio or his co-defendant Caonabo Lopez for their role(s) in the offense.

The standard upon which the Court must rely in determining a downward adjustment for role pursuant to USSG §3B1.2(b) was recently addressed by the Eleventh Circuit in *United States v. Martin*, 803 F.3d 581, 591 (11th Cir. 2015). In *Martin* the Court stated that:

> "The district court is guided by two principles when it determines whether a defendant's role in the offense falls within § 3B1.2's continuum. First, and most importantly, the court must consider the defendant's role "in relation to the relevant conduct attributed to [her] in calculating her base offense level." *Rodriguez De Varon,* 175 F.3d at 941. The defendant must show "that she played a relatively minor role in the conduct for which she has already been held accountable—not a minor role in any larger criminal conspiracy." *Id.* at 944. Second, the court may choose to "measure the defendant's culpability in comparison to that of other participants in the relevant conduct." *Id.* But "not all participants [are] relevant to this inquiry." *Id.* Only "those participants who were involved in the relevant conduct attributed to the defendant" may be considered. *Id.* Even if a defendant played a lesser role than the other participants, that fact does not entitle her to a role reduction "since it is possible that none are minor or minimal participants." *United States v. Stanley,* 739 F.3d 633, 654 (11th Cir.) (internal quotation marks and citation omitted), *cert. denied sub nom. Harris v. United States,* ––– U.S. –––– –, 134 S.Ct. 2317, 189 L.Ed.2d 195 (2014)."

According to the proffer(s) of facts in the instant case, the related case and the offense conduct set forth in paragraphs 6-10 of the PSIR, both Mr. Silverio and his co-defendant, played minor roles in both the overall conspiracy and the conspiracy charged in the instant indictment. Mr. Lopez smuggled the drugs into the country and Mr. Silverio was assigned the task of assisting with Mr. Lopez's travel from Fort Lauderdale to New York City.

2

Utilizing the framework set forth in *Rodriguez De Varon*, by comparing "the conduct for which [s]he has already been held accountable," "measur[ing] the defendant's culpability in comparison to that of other participants in the relevant conduct" and analyzing it with "those participants who were involved in the relevant conduct attributed to the defendant" *Rodriguez De Varon,* id at 941 and 944, the Court could assess a downward adjustment for Mr. Silverio pursuant to USSG §3B1.2(b) for his minor role in the offense.

### Memorandum

Pursuant to Title 18, United States Code, Section 3553(a), the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purpose set forth in sub-paragraph (a)(2).  As the Court is well aware, due to the mandatory aspect of subsection (b)(1) being held unconstitutional by *United States v. Booker*, 543 U.S. 220, (2005), Title 18, United States Code, Section 3553 is purely advisory for the court.  This allows the court to use its discretion to deviate from the guidelines if there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.

### Title 18, United States Code, Section 3553 Factors

To determine a reasonable sentence the district court considers several factors enumerated in Title 18, United States Code, Section 3553.  These factors are as follows:

> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed -
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

> **(B)** to afford adequate deterrence to criminal conduct;
> **(C)** to protect the public from further crimes of the defendant; and
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> **(3)** the kinds of sentences available;
> **(4)** the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission that are in effect on the date the defendant is sentenced;
> **(5)** any pertinent policy statement issued by the Sentencing Commission
> **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> **(7)** the need to provide restitution to any victims of the offense.

A sentencing judge is forbidden from presuming that a guideline sentence is the correct one. *United States v. Santoya*, No. 06-Cr-82 (E.D. Wisc. July 25, 2007) (citing *Rita v. United States,* 551 U.S. 338, 354 (stating that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence SHOULD apply")). Rather, the judge, after determining the guideline range, may decide that the guideline sentence:

> should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the "heartland" to which the Commission intends individual Guidelines to apply, U.S.S.G. § 5K2.0, perhaps because the Guidelines sentence itself properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless. *See* Rule 32 (f). Thus, the sentencing court subjects the defendant's sentence to the thorough adversarial testing contemplated by federal sentencing procedure.

*Rita,* 551 U.S. at 351.  See also *Id*. at 367 (Stevens, J. Concurring) ("I trust that those judges who had treated the Guidelines virtually mandatory during the post-*Booker* interregnum will now recognize that the Guidelines are truly advisory").

Each of these decisions and indeed, the Eleventh Circuit itself, has stressed that district courts are not to treat the Guidelines as presumptively reasonable.  *United States v. Hunt*, 459 F. 3d 1180 (11th Cir. 2006) (explaining that courts "may determine, on a case-by-case basis the weight to give the Guidelines, so long as that determination is made with reference to the remaining Section 3553(a) factors that the court must also consider in calculating the defendant's sentence").  In fact, the *Hunt* Court explained that there are "many instances where the Guidelines range will not yield a reasonable sentence." *Id.* at 1184.

In particular, the Eleventh Circuit repeatedly has affirmed below guideline sentences after *Booker*.  See *United States v. Anderson*, 267 Fed. App'x 847 (11th Cir. 2008) (affirming sentence of probation with home-confinement for white collar defendant where Guidelines were 18 to 24 months and prosecutor was requesting 18 month sentence, explaining that under *Gall*, district courts had wide discretion at sentencing); *United Strates v. Mathis*, 186 Fed. App'x 971 (11th Cir. 2006) (50% percent variance from the top end of Guidelines affirmed in Hobbs Act extortion and obstruction case); *United States v. Gray*, 453 F.3d 1323 (11th Cir. 2006) (affirming 72 month sentence even though low end of Guidelines was 151 months, more than double sentence imposed); *United States v. Halsema*, 180 Fed. App'x 103 (11th Cir. 2006) (unpublished) (affirming 24 month sentence even though Guidelines were 57 to 71 months); *United States v. Williams*, 435 F. 3d 1350 (11th Cir. 2006) (90 months imprisonment was sufficient, but

not greater than necessary to punish, deter, and rehabilitate defendant even though low end sentence was 188 months).  Therefore, as *Booker* made clear, the Court must still consider all of the factors set forth in 18 USC § 3553(a), in determining the particular sentence to be imposed.

### Nature and Circumstances of the Offense

Mr. Silverio has pleaded guilty to conspiring to import heroin into the United States.  His co-defendant, Caonabo Lopez smuggled the drugs into the country and Mr. Silverio was assigned the task of assisting with Mr. Lopez's travel from Fort Lauderdale to New York City.  After testing and weighing by the DEA Southeast Laboratory, it was determined that the amount of heroin that was seized from Caonabo Lopez weighed 1145 grams.  Pursuant to Section 2D1.1(c)(5) of the Sentencing Guidelines, this corresponds to a Base Offense Level of 30.  However, if the weight of the seized heroin was just 146 grams less, then the corresponding base offense level would be level 28.  As a point of reference, 146 grams is slightly more than a stick of butter.[1]  This one level difference increases the advisory sentencing range by eleven months of incarceration.

### History and Characteristics of the Defendant

Mr. Silverio is 40 years old and the father of four children for whom he provides financial support.  Multiple letters have been provided to the Court detailing Mr. Silverio's character and commitment to his family.

He is described in these letters as "caring," "respectful," dedicated," compassionate," "humble," "honorable," "ready to lend a helping hand to anyone who

---

[1] A stick of butter weighs 133 grams.

needed it," "a family man who thrives to help his family," and "an extremely hard working individual."

Mr. Silverio has also accepted responsibility for his actions in the instant case. He has expressed his remorse and shame to his family and others who have believed in him.

**Promotion of Respect for the Law, Just Punishment for the Offense,
Adequate Deterrence to Criminal Conduct and
<u>Protection of the Public from Further Crimes of the Defendant</u>**

Mr. Silverio recognizes that this is a second offense. With one exception, the defendant has had a trouble-free life and has now learned an important lesson from his prior bad decisions. The sentence that he will receive in the instant case will dwarf the sentence he received for his conviction in his case in the Eastern District of New York. While he has made yet another poor judgment, this case has taught him that he does not want to spend the rest of his life in prison by ever breaking the law again. His youngest son is just a year old and every month that he is incarcerated is a month less that he can spend with his sons. This in and of itself serves as a deterrence to future criminal conduct.

As set forth in this section of the 3553 factors, the Court must fashion a sentence that is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant. The low-end guideline sentence in this case of 57 months, as calculated by the probation officer in the PSIR, is arguably greater than necessary to achieve the goals of sentencing.

Factoring in an adjustment for minor role pursuant to USSG §3B1.2(b), or by reducing the base offense level by 146 grams, would result in the reduction of the low-

7

end advisory guideline range to 46 months. A 46 month sentence is a sentence that is sufficient to address reflect the seriousness of the offense, to promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant.

### Types of Sentences Available, the Sentencing Range as Set Forth in the Sentencing Guidelines, as well as Any Pertinent Policy Statement Issued By the Sentencing Commission Conclusion

The Court might also consider the comments of Chief Judge Pattie B. Saris, Chair of the United States Sentencing Commission, when she testified at a public meeting of the Charles Colson Task Force on Federal Corrections, established to address the crisis facing federal corrections.[2] She noted that the size of the federal prison population is a serious problem, insofar as in 2014, the size of the Bureau of Prisons' population exceeded their capacity by 32 percent and by 52 percent in high security facilities. Meanwhile, the nation's budget concerns persist, while the prison system consumes nearly $7 billion annually in federal revenues. The task force has acknowledged that the sentencing courts are the "front line" in decision making relative to balancing prison overcapacity with the safety of the community. In each case before the Court, it is important to examine the relative risk to the community based upon the crimes and personal characteristics of a particular defendant.

The advisory sentencing guidelines range, as calculated by the probation officer in the PSIR, has suggested a sentence in Zone D. The Court is free to use the factors outlined in section 3553 to fashion a sentence within Zone D.

---

[2] See Testimony of Chief Judge Patty B. Saris, Chair, U.S. Sentencing Commission, for the Public Meeting of the Charles Colson Task Force on Federal Corrections, @ USSC.gov

In fashioning an appropriate sentence, the Court is evaluated for the reasonable use of its discretion. In addition to *Rita, id,* in *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court held that in determining whether a sentence was reasonable the Appellate Courts need only look at "whether the District Judge abused his discretion in determining that the § 3553(a) factors supported a sentence of probation and justified a substantial deviation from the Guidelines range." *Gall, id at 56*.

Based upon the aforementioned factors and characteristics of this defendant, a lengthy prison sentence in this case will be purely punitive, take up limited and costly prison space, and will not advance the goals of sentencing any further than have already been achieved through the instant prosecution.

### Nature and Circumstances of the Offense and The Need to Avoid Unwarranted Sentence Disparities

The court shall consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

To ensure that there is not a disparity among the sentences imposed upon defendants with similar records who have been convicted of similar crimes, the Court need look no further than the sentence imposed upon his co-defendant, Caonabo Lopez.

Caonabo Lopez agreed to cooperate with the government and assisted in their efforts to arrest Mr. Silverio. The government will undoubtedly be filing a motion pursuant to Section 5K1.1 of the Sentencing Guidelines and seek to allow his sentence to be reduced by one third. A one third reduction from a sentence of 57 months would result in a total sentence of 38 months. By sentencing Mr. Silverio to a term of imprisonment greater that 38 months, this Court can avoid unwarranted sentence

disparities among defendants with similar records who have been found guilty of similar conduct.

### Conclusion

Apart from the raw numbers that result from the application of the advisory sentencing guidelines, the Court can use its discretion to fashion a total sentence that would adequately take into account the factors set forth in Title 18, United States Code, Section 3553.

It is respectfully submitted that after analyzing all of the factors presented to the Court, a term of not more than 46 months incarceration, followed by such period of supervised release that the Court deems necessary, would be the proper sentence for Mr. Silverio. This sentence would be both an appropriate and sufficient sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct and would protect the public.

Respectfully submitted,

/s/ David S. Weinstein
David S. Weinstein, Esq.
Florida Bar No. 749214
Clarke Silverglate, P.A.
799 Brickell Plaza, Suite 900
Miami, Florida 33131
Telephone: (305) 377-0700
Facsimile: (305) 377-3001
Email: Dweinstein@cspalaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2016, the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF

/s/ David S. Weinstein
David S. Weinstein, Esq.